Filed 11/4/22  P. v. King CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>PAUVEY JUANE KING,<br><br>　　　Defendant and Appellant. | D079419<br><br><br>(Super. Ct. No. FVI19001037) |

APPEAL from a judgment of the Superior Court of San Bernardino, Debra Harris, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Warren J. Williams, and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Pauvey Juane King of one count of murder (Pen. Code,[1] §§ 187, subd. (a) & 189, subd. (a) [victim M.S.]); and two counts of attempted murder (§§ 664, subd. (a), 187, subd. (a), & 189, subd. (a); [victims T.T. and A.S.]). The jury also found true multiple charged firearm enhancements as to each offense. In April 2021, the trial court sentenced King on the three substantive offenses and imposed the most severe firearm enhancement found true for each count. The court stayed the remaining firearm enhancements.

On appeal, King contends that the case must be remanded for resentencing because the court was not aware of its discretion to impose the less severe firearm enhancements under *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*), which was decided after King's sentencing and held that a court may strike a section 12022.53 firearm enhancement and impose a lesser *uncharged* section 12022.53 enhancement. The People argue, among other things, that King forfeited the issue. We conclude that while King did not forfeit his opportunity to challenge the imposition of firearm enhancements, remand is unwarranted. The court was aware of its discretion to impose less severe firearm enhancements because, unlike in *Tirado*, those lesser enhancements were *charged* in the information as to each individual count, the jury found each of them to be true, and the court expressly stayed the lesser enhancements in favor of imposing the most severe enhancement for each count. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The three victims, two brothers (A.S. and M.S.) and their friend (T.T.), went to a house party in Victorville, California, on the night of April 5, 2013. A.S. was 13 years old at the time, and his brother M.S. and T.T. were both 17

---

[1] All further undesignated statutory references are to the Penal Code.

years old. After a fight broke out between the victims and other individuals at the party, the victims ran outside and got into M.S.'s car. Before M.S. could drive away, King and Brian McCaleb, who were also at the party, came out and opened fire into the vehicle from close range.

M.S. yelled that he had been hit and the car lurched forward until it jumped a curb, hit a fire hydrant, and eventually came to a stop in a nearby residence's backyard. A.S. exited the vehicle to assist his brother, using his shirt to try and cover his brother's wounds. M.S. later succumbed to his injuries, which included gunshot wounds to his left eye and chest.

King's account of that night shifted over the course of his interviews with law enforcement. He ultimately told detectives that the fight inside the house started when one of the victims allegedly made threatening remarks to someone at the party who King and McCaleb were affiliated with. After the victims ran from the house and got into their car, McCaleb fired shots into the vehicle and King joined in the shooting soon after. King said that he opened fire because he heard about the threatening remarks, but he had not met M.S. before and did not know his name.

After the shooting, King and McCaleb got into another car and went to a friend's apartment where they discussed what happened. According to a witness who was present in the apartment, King talked about shooting at the victims and said about one of them, "Bro's gone."

The People charged King by information with three counts: first-degree murder as to M.S. in count one (§§ 187, subd. (a) & 189, subd. (a)), attempted murder as to T.T. in count two (§§ 664, subd. (a), 187, subd. (a), & 189, subd. (a)), and attempted murder as to A.S. in count three (*ibid*.). The People also charged the following firearm enhancements: as to count one only, personal and intentional discharge of a firearm, proximately causing

3

great bodily injury or death (§ 12022.53, subd. (d)); as to all counts, personally and intentionally discharging a firearm (§ 12022.53, subd. (c)); and as to all counts, personally using a firearm (§§ 12022.5, subd. (a) & 12022.53, subd. (b)).[2]

A jury found King guilty on all three counts, and it also found each of the charged firearm enhancements to be true. For the murder charged in count one, the jury found true each of the charged firearm enhancements under sections 12022.53, subdivisions (b), (c), and (d), and 12022.5, subdivision (a). For each of the other two counts, the jury found true each of the charged firearm enhancements under sections 12022.53, subdivisions (b) and (c) and 12022.5, subdivision (a).

At sentencing, the court stated its tentative decision was to adopt the probation report's recommendations, which included imposing the most severe firearm enhancement charged and found true for each count and staying the lesser firearm enhancements charged and found true for each count. King's attorney said that he "wanted to emphasize the . . . new laws that indicate" the court "has discretion" regarding the firearm enhancements. The court invited King's attorney to make arguments "[r]egarding judicial discretion as far as the gun enhancement and any other information you'd like for me to hear . . . ."

King's attorney stated: "As to the gun enhancement, I know the Court is aware of the law and I just was reminding the Court that since this probation officer's report, there has [*sic*] been changes in the law giving the

_____

[2] The firearm enhancements carry the following additional sentences, to be served consecutive to any sentence for the underlying substantive offense: for section 12022.5, subdivision (a), three, four, or 10 years; for section 12022.53, subdivision (b), 10 years; for section 12022.53, subdivision (c), 20 years; and for section 12022.53, subdivision (d), 25 years to life.

4

judges discretion, as it should, especially in youthful offenders, to consider not imposing all of those excessive enhancements." The prosecutor argued in response that the enhancements "as to each count . . . were found true by a unanimous jury" and that circumstances in the case "warrant the imposition of the enhancements as recommended in the probation report." The prosecutor stated that those aggravating circumstances included, among other things, that King and McCaleb did not just brandish firearms and point them at the victims, they "each pulled the trigger" multiple times as the victims were trying to leave. The prosecutor further stated: "So while the Court does have discretion with regard to the imposition of the personal use enhancements, the facts and circumstances of this case warrant the imposition of those enhancements as recommended by probation."

Before imposing the sentence, the court noted "[t]here's been an appeal for the discretion to be used regarding the gun enhancement." The court observed, however, that King had expressed little regret about how his actions "changed the lives of other people[]" like the victim's family. The court also noted that "the nature and circumstances of the crime were very serious" as compared with other similar crimes. When considering aggravating factors, the court found that the crime "involved great violence, great bodily harm, threat of great bodily harm, and [a] high degree of cruelty." The court further found that King "engaged in violent conduct that indicates a serious danger to society."

Regarding mitigation, the court stated that King's lack of criminal history "cuts both ways" because he seemed to have a supportive family who presumably "taught [him] how he should behave in society," but the court acknowledged that his conviction and imprisonment would "seriously affect [King's] life." The court found no mitigating facts relating to the crime itself.

5

The court ultimately sentenced King in accordance with the probation report's recommendations:  for count one, 25 years to life, plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d); and as to each of counts two and three, 7 years to life, plus 20 years to life for the firearm enhancement under section 12022.53, subdivision (c).  The court imposed and stayed the lesser remaining firearm enhancements.  Because the sentences for all counts were consecutive, King's total sentence was an aggregate indeterminate term of 104 years to life.

King timely appealed.

### DISCUSSION

King argues on appeal that the case must be remanded for resentencing because the trial court did not consider whether it could impose less severe firearm enhancements.  More specifically, King argues it is unclear whether the court knew it had discretion to impose reduced firearm enhancements, as opposed to believing it had only the binary choice under section 12022.53, subdivision (h), of imposing the most severe enhancements or striking enhancements entirely.[3]  He contends that at the time of his sentencing, the law was unsettled regarding a court's discretion to impose an uncharged lesser-included firearm enhancement, but the Supreme Court subsequently decided in *Tirado, supra*, 12 Cal.5th 688, that courts do have that discretion, and the case should therefore be remanded in light of that

---

[3]    Section 12022.53, subdivision (h), provides in relevant part:  "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section."

Section 1385, subdivision (c)(1) provides that:  "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."

6

decision. (See *id.* at pp. 696–697 [citing cases on either side of split in authority].)

The People argue in response that King forfeited his challenge because he did not ask the trial court to modify the firearm enhancements. According to the People, defense counsel in this case could have requested lesser firearm enhancements because even though there was a split in authority before *Tirado* was decided, case law existed that would have supported King's request. (See, e.g., *People v. Morrison* (2019) 34 Cal.App.5th 217, 222–223 (*Morrison*) [trial court can impose lesser uncharged enhancement after striking more severe enhancement].) The People further argue that even if the issue is not forfeited, the trial court was aware of its discretion, and the record shows the court would not have imposed a lesser enhancement.

We conclude that King has not forfeited his challenge because his attorney specifically asked the trial court to use its discretion to "consider not imposing all of those excessive enhancements." The prosecutor also conceded that the court "does have discretion with regard to the imposition of the personal use enhancements . . . ." The court expressly acknowledged its discretion and heard arguments from both sides regarding the issue. Finally, in imposing sentence, the court recognized King's "appeal for . . . discretion to be used regarding the gun enhancement[,]" but ultimately concluded that the sentence it imposed, which included the most severe enhancements, was "about justice for the act that was committed." Accordingly, the issue of the court's discretion regarding firearm enhancements was properly raised before the trial court and King has not forfeited the claim.

However, King's challenge is without merit. Both parties overlook the dispositive fact here that, unlike in *Tirado* and *Morrison*, King was actually *charged* with the lesser-included firearm enhancements for each count, along

with the more severe enhancements. By contrast, the issue in *Tirado* and *Morrison* was whether a court may strike a firearm enhancement and instead impose a lesser *uncharged* firearm enhancement. (See *Tirado, supra,* 12 Cal.5th at p. 696 ["The question is whether the court can strike the section 12022.53(d) enhancement and, in its place, impose a lesser enhancement . . . even if the lesser enhancements *were not specifically charged in the information or found true by the jury*." (Italics added.)]; *Morrison, supra,* 34 Cal.App.5th at pp. 224–225 [whether court has discretion to impose uncharged lesser firearm enhancements "only arises in cases where those enhancements *have not been charged in the alternative and found true*" (Italics added.)].) The jury here found *all* of the *charged* firearm enhancements to be true, and the trial court expressly stayed the lesser enhancements in favor of imposing the greatest enhancement for each count, after explaining its reasons for doing so.

This is not a case where the court may have thought it only had a binary choice under section 12022.53, subdivision (h), to either strike the most severe enhancements or impose none of them. Even before the Supreme Court's decision in *Tirado*, under sections 1385 and 12022.53, subdivisions (h) and (j), courts had discretion to strike more severe enhancements and impose lesser enhancements "alleged in the accusatory pleading and . . . found to be true by the trier of fact." (§ 12022.53, subd. (j); see, e.g., *Morrison, supra,* 34 Cal.App.5th at p. 222 [recognizing that striking more severe enhancements pursuant to section 1385 still leaves intact any remaining lesser enhancements found by jury].) The record reflects that the trial court was aware of this discretion and declined to exercise it. Even King concedes it is "safe to conclude" the court was aware of its discretion to strike the firearm enhancements. Thus, the court knew that, for each count, it had a

8

choice to strike the most severe firearm enhancement and instead impose only one of the lesser firearm enhancements charged and found true by the jury. Instead, the court knowingly made a discretionary choice to *impose* the most severe firearm enhancement for each count and *stay* all the lesser firearm enhancements. King has not argued that the court abused its discretion in making this sentencing choice. Accordingly, we must affirm the trial court's judgment.

DISPOSITION

The judgment is affirmed.


BUCHANAN, J.

WE CONCUR:


HUFFMAN, Acting P. J.


DATO, J.

9